Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.

35 C.C.P.A.(Patents)
## APPLICATION OF LANE.
### Patent Appeal No. 5478.

Court of Customs and Patent Appeals.
June 1, 1948.

David Rines, of Boston, Mass., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1, 8, 10, 12, 14, 15, and 16 in appellant's application for a patent for an alleged invention relating to a method of making a food product. Claims 1 and 15 are sufficiently representative of the appealed claims. They read:

"1. A method of making an edible product that comprises impregnating the product with a sea-food juice, and cooking the impregnated product.

"15. A method of making a potato chip that comprises crushing clams to extract the juice thereof, impregnating a slice of potato with the clam juice thus obtained, and frying the impregnated slice of potato."

The references relied on are:

Ida Bailey Allen's Cook Book—1935—Pages 489 and 689
Everybody's Cook Book—Lord—1924—Page 118
Marine Products of Commerce—Tressler—1923—Page 546

Appellant's application discloses a process of making a food product having the flavor of clams. The process comprises crushing clams, shells and all, to extract the juice and incorporating the juice in various foods. Thus, potato slices may

be dipped in the clam juice before baking, to form potato chips and cracker dough may be dipped in clam juice before baking.

The Marine Products of Commerce publication discloses that clam liquor and clam extract are articles of commerce.

The cook books cited as references disclose that it is old to add clams to potatoes prior to cooking and that it is old to add onion juice to potatoes and orange extract to a mixture for biscuit glacé.

It was the view of the examiner, whose decision was affirmed by the board, that, since the cook books show it to be old to add flavoring juices to potatoes and to a biscuit glacé mixture, and to use clams for flavoring potatoes, and since clam liquor and extract are commercial products, there was no invention in adding clam juice to potato chips, cracker dough, or any other desired food product. It is obvious that the selection of the particular food and the particular juice to be used involves nothing more than a matter of choice.

■ Counsel for appellant, in his brief, relies on the fact that appellant uses clam juice which would otherwise be wasted, but this fact is not brought out in the claims and can have no bearing on their patentability.

Certain claims state that the clam juice is obtained by crushing, but this is a common method of extracting juice from various products, and involves no invention.

■ Counsel for appellant also relies on the large amount of clam juice incorporated in his products. No definite amount of juice is called for by the appealed claims, since the term "impregnate" does not necessarily mean "saturate." Moreover, the exact amount of juice used is merely a matter of choice.

■ We have carefully considered the various arguments advanced by counsel for appellant, but are of opinion that the processes defined by the appealed claims would be obvious in view of the references of record.

For the reasons stated, the decision of the Board of Appeals is affirmed

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.